IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NFL MANAGEMENT, INC.**, d.b.a. Celebrity Promotions, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:05-CV-1351-L |
| **HANSEL FORD, INC.**, § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed July 15, 2005. After careful consideration of the motion and brief, response, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

### I. Background

Plaintiff NFL Management, Inc., d.b.a. Celebrity Promotions ("Plaintiff" or "Celebrity"), filed this action on June 2, 2005 in the 101st Judicial District Court, Dallas County, Texas against Defendant Hansel Ford, Inc. ("Defendant" or "Hansel Ford"). Celebrity contends that Hansel Ford failed to pay license fees to it pursuant to the terms of a License Agreement ("Agreement") between the parties. Hansel Ford removed the state action to federal court on July 6, 2005.

With respect to the motion to remand, Celebrity contends that Hansel Ford waived its right to remove this action to federal court because of language contained in the Agreement. The specific language in question provides as follows: "This Agreement shall be construed in accordance with the substantive laws of the State of Texas and any dispute, disagreement or lawsuit will be determined and controlled in the Court of Dallas County, Texas." Agreement ¶ 14.

**Memorandum Opinion and Order - Page 1**

Hansel Ford acknowledges that a party may waive its right to remove an action, provided the waiver is "clear and unequivocal." Hansel Ford contends that the applicable provision of the Agreement is ambiguous and therefore no waiver occurred with respect to its right to remove.

**II. Analysis**

A party to a contract may waive its right to remove an action to federal court. *Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). Specifically, "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).

The court finds the case of *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396 (5th Cir. 2003), informative, illustrative and controlling. In *Dixon*, the portion of the contract in dispute read as follows: "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Id*. at 397. In upholding the district court's decision to remand the action to state court, the Fifth Circuit succinctly and aptly stated:

> Federal district courts may be *in* Texas, but they are not *of* Texas. *Black's Law Dictionary* defines "of" as "denoting that from which anything proceeds; indicating origin, source, descent." Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions. By agreeing to litigate all relevant disputes solely in "the Courts of Texas," TSE waived its right to removal.

*Id*. at 398 (emphasis in original and footnote omitted).

The language in the Agreement is plain and unequivocal in stating that any lawsuit "will be determined and controlled in the Court of Dallas County, Texas." The Northern District of Texas

**Memorandum Opinion and Order - Page 2**

is not "the" or "a" "Court of Dallas County, Texas." The Northern District of Texas is a creature of the federal government and comprises 100 Texas counties, one of which is Dallas County. *See* 28 U.S.C. § 124(a)(1)-(7).

If a federal court is not "of" Texas, it necessarily follows that such a court cannot be "of" any county, which is a smaller unit of government than the state of Texas. *Dixon* is directly on point. The language in the Agreement is not ambiguous or unclear. By specifically agreeing to determine any legal controversy in "the Court of Dallas County, Texas," which includes any county or district court of Dallas County but not the federal courts because they have their origin in the federal government and not Dallas County or the state of Texas, Hansel Ford waived its right of removal.

The court finds Hansel Ford's reliance on *Berry v. WPS, Inc.*, 2005 WL 1168412 (S.D. Tex. May 16, 2005), unavailing. In *Berry*, the provision of the contract in question provided: "This Letter of Agreement and the Purchase and Sale Agreement shall be construed in accordance with and governed by the laws of the United States of America. If any party brings legal action to enforce any right or obligation under either, jurisdiction shall lie exclusively in Houston, Harris County, Texas." *Id*. at *2. This provision, unlike that in the present case, contains no language defining or limiting the court in which suit can be brought. Specifically, the language in *Berry* does not limit legal action to the state courts. Stated another way, nothing in the provision necessarily excludes federal courts. Accordingly, the *Berry* case is distinguishable from this case. For the reasons previously stated, remand of this action is appropriate.[*]

---

[*]Defendant Hansel Ford's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, filed July 13, 2005, remains pending. Hansel Ford, a citizen of California, contends that this court does not have personal jurisdiction over it because it does not have the minimum contacts with Texas sufficient to justify personal jurisdiction over it. Defendant's argument ignores a basic and fundamental principle in this regard: a party can waive personal jurisdiction by contract. Hansel Ford has done just that by the terms of the Agreement. As this principle of law is so well-established, the court finds it unnecessary to cite any authority. Hansel

### III. Conclusion

The court determines that Hansel Ford waived its right to remove this action to federal court in light of the clear language in the Agreement. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the 101st Judicial District Court, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 28th day of September, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

Ford agreed to consent to personal jurisdiction when it agreed to have all legal disputes resolved in a state court of Texas. This court has personal jurisdiction over Hansel Ford; however, as it is remanding the action to state court, the court has no need to exercise personal jurisdiction over Hansel Ford.

**Memorandum Opinion and Order - Page 4**